# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1910-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Richard W. Steffes, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| |        Plaintiff, |
| |    v. |
| | Richard W. Steffes, |
| |        Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST STEFFES

| | |
|---|---|
| OPINION FILED: | April 10, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | ABRAHAMSON, J. dissents, joined by A.W. BRADLEY J. (opinion filed). |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2018 WI 31**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP1910-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Richard W. Steffes, Attorney at Law:**

**Office of Lawyer Regulation,**

**Plaintiff,**

**v.**

**Richard W. Steffes,**

**Respondent.**

**FILED**

**APR 10, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. Attorney Richard W. Steffes has filed a petition for consensual license revocation pursuant to SCR 22.19.[1] The Office of Lawyer Regulation (OLR) has filed a

---

[1] SCR 22.19 provides:

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

(continued)

complaint against Attorney Steffes, alleging that he committed professional misconduct. He is also the subject of a pending OLR grievance that has not yet been fully investigated. Attorney Steffes states in his petition that he cannot successfully defend against the allegations of professional misconduct.

¶2 Attorney Steffes was admitted to practice law in Wisconsin in 1970. He resides in Beaver Dam, Wisconsin. His

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

law license has been temporarily suspended since March 2017 for failure to cooperate with the OLR in these investigations. Attorney Steffes' law license is also administratively suspended for failure to pay bar dues and failure to comply with trust account certification requirements.

¶3 Attorney Steffes' disciplinary history consists of a single public reprimand issued in 2014 for allowing his non-lawyer son to use his trust account. See In re Disciplinary Proceedings Against Steffes, 2014 WI 128, 359 Wis. 2d 299, 856 N.W.2d 824.

¶4 The matter giving rise to this petition stems from Attorney Steffes' misconduct as guardian for R.S. R.S. was born in 1927 and has been adjudicated incompetent. He has had a court appointed guardian for decades.

¶5 Attorney Steffes was appointed R.S.' successor guardian in 1975. In 2015, it was determined that Attorney Steffes had not filed required accountings or annual reports pertaining to the guardianship from 2010 to 2013. He was directed to do so. Attorney Steffes requested and received a one-month extension, but then failed to file the documents.

¶6 In September 2015, the Dodge County Department of Human Services filed a petition asking the circuit court to remove Attorney Steffes as R.S.' guardian because of his failure to file these accountings and condition reports.

¶7 On September 21, 2015, the court appointed a guardian ad litem for R.S. The guardian subpoenaed Attorney Steffes in an attempt to obtain information about the matter, but Attorney

Steffes failed to respond to the subpoena. The guardian then filed a motion to compel discovery to obtain records necessary to review R.S.' accounts.

¶8 On October 21, 2015, the circuit court removed Attorney Steffes as guardian and ordered him to file an accounting by November 23, 2015. The court appointed G&L Advocacy of Portage as successor guardian for R.S.

¶9 On November 23, 2015, Attorney Steffes filed a final accounting, but failed to provide bank records. On December 3, 2015, Attorney Steffes appeared at a scheduled review hearing, but failed to bring the financial records. The court ordered Attorney Steffes to turn over all of the financial records by December 11, 2015. Meanwhile, the acting guardian ad litem subpoenaed financial records directly from the bank.

¶10 Over the next several months, Attorney Steffes requested and received several adjournments. In May 2016, the guardian ad litem filed a report with the court identifying several concerns with Attorney Steffes' handling of the R.S. guardianship. The report stated that Attorney Steffes had: (1) given R.S. monthly payments in cash, leaving no way for Attorney Steffes to establish that R.S. received the entire amount to which he was entitled or that R.S. used the funds to care for himself; (2) taken money from R.S.' account that was not given to R.S. or used for his benefit; (3) taken money from R.S.' account that went directly to Attorney Steffes; (4) failed to monitor R.S.' bank account, resulting in monthly maintenance fees when the account balance fell below a certain level; (5)

4

failed to apply for a homestead credit on R.S.' behalf; and (6) paid medical expenses from R.S.' account that should have been covered by insurance.

¶11 Attorney Steffes requested and received time to respond and then requested several extensions until the circuit court ordered Attorney Steffes to file his written response no later than July 21, 2016 or default judgment would be entered against him.

¶12 On July 21, 2016, Attorney Steffes filed a response to the report. Attorney Steffes said that he issued checks payable to cash in order to purchase money orders that were mailed to R.S. He said that R.S. required payment in the form of money orders because they were accepted at his check cashing station. He said that some of the payments to him were for his guardianship fees. He said that two checks from R.S.' account were inadvertently written to his firm by a new secretary, but were immediately returned to R.S.' account when the error was discovered. Attorney Steffes said he had no recollection of the purpose of several of the checks written to his firm, but stated that at no time did he benefit from R.S.' assets. He explained that he did not think it was necessary for him to check on the account because there was minimal activity, so he was unaware of the fees being charged.

¶13 In September 2016, the Dodge County Circuit Court conducted a final hearing on the R.S. guardianship matter and ruled that Attorney Steffes had committed waste of his ward's assets. The court found: (1) there were unexplained checks

5

written on R.S.' account totaling $9,000; (2) Attorney Steffes failed to apply for the homestead credit resulting in a loss to R.S. of $1,904.30; and (3) Attorney Steffes permitted unnecessary bank account maintenance fees to accrue, totaling $480.58. The court ordered Attorney Steffes to pay $11,384.88 to the guardianship estate as well as $9,000 for guardian ad litem fees. Attorney Steffes failed to make the ordered payments.

¶14 Attorney Steffes' conduct regarding this matter was reported to the OLR. In October 2016, the OLR informed Attorney Steffes he was required to provide a written response to the OLR's inquiries into this matter. Despite repeated requests, Attorney Steffes failed to respond, then requested additional time or submitted correspondence that was not responsive to the OLR's inquiries.

¶15 In January 2017, at the OLR's request, this court issued an order directing Attorney Steffes to show cause as to why his license should not be suspended for his willful failure to cooperate in the OLR investigation. Attorney Steffes failed to respond and, on March 13, 2017, this court issued an order temporarily suspending Attorney Steffes' law license. His license remains suspended.

¶16 On September 29, 2017, the OLR filed a complaint against Attorney Steffes based on the foregoing alleging six counts of professional misconduct. The complaint alleged that by providing his ward with cash payments contrary to the purpose of the guardianship, which was to ensure that R.S.' assets would

6

be used to meet his essential needs of health and safety, Attorney Steffes violated SCR 20:1.1[2] (Count 1); by failing to file annual accounts and annual reports of his ward's condition from 2010 through 2014, and by failing to monitor his ward's bank account resulting in the wasting of the ward's assets, Attorney Steffes violated SCR 20:1.3[3] (Count 2); by failing to respond to the Order to Show Cause issued by the court in February of 2015 in the guardianship, Attorney Steffes violated SCR 20:3.4(c)[4] (Count 3); by failing to comply with the court's September 20, 2016 order that he reimburse the guardianship estate and pay the guardian ad litem fees, Attorney Steffes violated SCR 20:3.4(c) (Count 4); by misappropriating funds from his ward's account, Attorney Steffes violated SCR 20:8.4(c)[5] (Count 5); and by willfully failing to respond to the OLR's investigation, Attorney Steffes violated SCR 22.03(2)[6] and SCR

---

[2] SCR 20:1.1 provides:  "A lawyer shall provide competent representation to a client.  Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[3] SCR 20:1.3 provides:  "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCR 20:3.4(c) provides:  "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[5] SCR 20:8.4(c) provides:  "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[6] SCR 20:03(2) provides:

(continued)

7

22.03(6),[7] enforced via SCR 20:8.4(h)[8] (Count 6). The complaint requested this court suspend Attorney Steffes' law license for three years and order Attorney Steffes to pay restitution to the guardian estate of R.S.

¶17 On February 15, 2018, Attorney Steffes filed a petition for revocation by consent. It attaches a copy of the complaint as well as a summary of a pending OLR investigation into additional potential ethical violations involving Attorney Steffes' handling of a probate matter for J.R. The OLR summary

---

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[7] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[8] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

indicates that its investigation involves Attorney Steffes' potential violations of the following supreme court rules: SCR 20:1.3, SCR 20:1.4(a), SCR 22.26 and SCR 22.03(2). The OLR states that it does not seek restitution in the pending investigation.

¶18 Attorney Steffes' petition for consensual revocation asserts that he is seeking consensual revocation of his law license freely, voluntarily, and knowingly. He states that he cannot successfully defend himself against the allegations of misconduct summarized above and more fully described in the OLR's summary. Attorney Steffes acknowledges that he understands he is giving up his right to contest any of the OLR's allegations. He has the assistance of counsel in this matter. The petition acknowledges that if the court grants the petition and revokes his license, Attorney Steffes will be subject to the requirements of SCR 22.26 and, should he ever wish to seek the reinstatement of his license, the reinstatement procedure set forth in SCRs 22.29-22.33.

¶19 The court has reviewed Attorney Steffes' petition, the OLR's summary of possible misconduct, and its written recommendation in favor of the petition, and we conclude that the petition for consensual revocation should be granted.

¶20 Attorney Steffes misappropriated funds from a very vulnerable person for whom he served as guardian. Although Attorney Steffes does not have an extensive disciplinary history, the allegations in the underlying complaint are very serious and were committed over a period of several years. When

his misconduct was discovered, Attorney Steffes fostered delay, ignored a subpoena, court orders, and failed to fully cooperate with the ensuing disciplinary process. His actions reflect a troubling and serious breach of his ethical obligations as a lawyer in this state.

¶21 Consistent with the terms of the petition, we order Attorney Steffes to pay restitution to the guardian estate of R.S. c/o G&L Advocacy, in the amount of $11,384.88. Because this matter is being resolved via a petition for consensual revocation without the need to appoint a referee or hold an extensive hearing, we will not impose costs on Attorney Steffes.

¶22 IT IS ORDERED that the petition of Richard W. Steffes for the consensual revocation of his license to practice law in Wisconsin is granted.

¶23 IT IS FURTHER ORDERED that the license of Richard W. Steffes to practice law in Wisconsin is revoked, effective the date of this order.

¶24 IT IS FURTHER ORDERED that the March 13, 2017 temporary suspension of Richard W. Steffes' license to practice law in Wisconsin, due to his willful failure to cooperate with the Office of Lawyer Regulation's investigation in this matter, is lifted.

¶25 IT IS FURTHER ORDERED that Richard W. Steffes shall pay restitution to the guardian estate of R.S. c/o G&L Advocacy, in the amount of $11,384.88.

¶26 IT IS FURTHER ORDERED that Richard W. Steffes is ordered to comply with any final monetary order or judgment

10

issued in <u>In the Matter of the Guardianship and Protective Placement of R.S.</u>, Dodge County case no. 1958GN37423.

¶27 IT IS FURTHER ORDERED that, to the extent he has not already done so, Richard W. Steffes shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶28 SHIRLEY S. ABRAHAMSON, J. I agree that Attorney Steffes violated the Code and should be disciplined. I would not adopt the stipulation for consensual license revocation. License revocation is too harsh a punishment for the offense and the offender in the instant case. The OLR initially sought a three-year suspension. Three years seems right to me on the basis of past cases.

¶29 I am authorized to state that Justice ANN WALSH BRADLEY joins this separate writing.